24CA2255 Peo v Bailey 06-25-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2255
Mesa County District Court Nos. 21CR43, 21CR600 & 24CR569
Honorable Jeremy Chaffin, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Breann Kelly Bailey,

Defendant-Appellant.

SENTENCES AFFIRMED

Division II
Opinion by JUDGE HARRIS
Tow and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

Philip J. Weiser, Attorney General, Jillian J. Price, Deputy Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Breann Kelly Bailey, Pro Se

¶ 1　　Defendant, Breann Kelly Bailey, appeals her sentences imposed in three cases.  We affirm.

## I.　　Background

¶ 2　　In 2021, Bailey entered into a global plea agreement resolving two criminal cases.  Under the agreement, Bailey pleaded guilty to three felonies and four misdemeanor counts in exchange for dismissal of the other counts.  The district court sentenced her to a controlling term of four years in community corrections.

¶ 3　　In February 2024, Bailey absconded from the community corrections facility.  She was charged with felony unauthorized absence and was terminated from community corrections.  As part of a plea agreement in the new case, she pleaded guilty to one count of misdemeanor unauthorized absence.  After pleading guilty, but before sentencing, Bailey filed a notice of appeal.  In response, this court issued an order to show cause why the appeal should not be dismissed for lack of a final, appealable judgment.  Then, on January 8, 2025, the district court sentenced Bailey in the 2024 case to 100 days in jail.  The court also revoked her community corrections sentence in the 2021 cases and resentenced her to four years in prison.  Following her resentencing, this court discharged

1

the show-cause order and further ordered that "[t]he appeal shall proceed, but solely as to the district court's resentencing entered on January 8, 2025, in each of the underlying cases."

## II.    Discussion

¶ 4    Bailey's opening and reply brief do not address the January 8, 2025, resentencing order.  She does not argue that the district court abused its discretion in imposing the 100-day jail sentence or the four-year prison sentence.

¶ 5    Instead, she appears to raise a collateral challenge to her 2021 convictions and sentences.  For example, Bailey alleges that her original trial counsel was ineffective for failing to pursue a First Amendment defense to the charges, the prosecution committed misconduct by failing to turn over evidence favorable to her defense, she was charged with multiple counts for the same criminal act, and she is factually innocent of the crimes for which she was convicted in 2021.  Indeed, her opening brief is styled as a "brief in support of post-conviction relief."

¶ 6    Requests for postconviction relief are governed by Crim. P. 35 and section 18-1-410, C.R.S. 2025.  Section 16-5-402(1), C.R.S. 2025, sets forth the deadline for filing such a motion.  Under Crim.

P. 35(c)(3), a defendant must file her motion for postconviction relief "in the court which imposed the sentence." The court that imposed Bailey's sentences is the Mesa County District Court.

¶ 7     Because Bailey does not challenge the resentencing order entered in January 2025, we affirm the sentences.

## III.   Disposition

¶ 8     The sentences are affirmed.

JUDGE TOW and JUDGE BROWN concur.